**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13 B 21423 |
| BOOKER LAGRONE, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | Adv. No. 14 A 00578 |
| BOOKER LAGRONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LVNV FUNDING LLC AND ) | |
| RESURGENT CAPITAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

**Memorandum of Decision**

  In this adversary proceeding, a Chapter 13 debtor alleges that the defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing a claim subject to a limitations defense. The defendants have moved to dismiss the debtor's complaint for failure to state a claim on which relief can be granted. As discussed below, (1) a bankruptcy judge may not enter a final judgment in this adversary proceeding because the proceeding, though related to the bankruptcy case, arises neither under the Bankruptcy Code nor within the bankruptcy case, but (2) the motion to dismiss is well taken. A claim in bankruptcy being subject to an affirmative defense does not make the claim's filing "unfair or unconscionable" or a "false, deceptive, or misleading representation or means" of collecting a debt, as required to state a claim for relief under the FDCPA. The motion, then, will be granted, but the debtor will be given leave to file an amended complaint. If the debtor stands on the current complaint, a recommendation will be made to the district court that it enter judgment for the defendants.

## Jurisdiction

Under 28 U.S.C. § 1334(a), the federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code (Title 11, U.S.C.). The district courts may refer these cases to the bankruptcy judges for their districts under 28 U.S.C. § 157(a), and through its Internal Operating Procedure 15(a) the District Court for the Northern District of Illinois has made such a reference. After a case is referred to a bankruptcy judge, 28 U.S.C. § 157(b)(1) authorizes the judge to "hear and determine" and "enter appropriate orders and judgments" only in "core proceedings arising under title 11, or arising in a case under title 11." The Seventh Circuit has held that "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

Neither basis for core status exists here. A cause of action under the FDCPA "arises under" Title 15, not under Title 11. *See* 15 U.S.C. § 1692. And FDCPA actions are not proceedings that by their nature can arise only in the context of a bankruptcy case. They are typically filed as independent actions in district courts. *See, e.g., Buckley v. Bass & Assoc.*, 249 F.3d 678 (7th Cir. 2001) (treating an FDCPA action filed in district court). That conduct alleged to violate the FDCPA took place in a bankruptcy case does not make an action based on that conduct one "arising in" the case. *See Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994) ("arising in" jurisdiction is limited to questions that "concern the administration of the bankrupt estate"). Instead, a bankruptcy claim filed in violation of the FDCPA is like a civil complaint containing a libelous allegation. The merits of the complaint are determined in the case it initiated, but any libel action is pursued in a separate complaint. *See, e.g., Travelers Indem. Co. v. United Food & Comm. Workers Int'l Union*, 770 A.2d 978, 986 (D.C. 2001) (dealing with an action filed to redress allegedly libelous allegations made in an earlier case).

When a proceeding is not subject to a bankruptcy judge's final judgment, § 157(c)(1) provides that the bankruptcy judge may still hear the proceeding and recommend fact findings and legal conclusions to the district

2

court for its entry of judgment but only if the proceeding is "related to" the referred bankruptcy case. A proceeding is "related to" the bankruptcy case if it affects the "amount of property available for distribution or the allocation of property among creditors." *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir. 1987).

The debtor's FDCPA proceeding here is related to his bankruptcy case because it could have an effect on payments to his creditors. Although the debtor's confirmed Chapter 13 plan (Bankr. Docket No. 33) provides for a fixed amount payable to creditors, any recovery he receives from the FDCPA action would be a basis for increased plan payments under § 1329(a)(1) of the Code. *See In re Wetzel*, 381 B.R. 247, 251 (Bankr. E.D. Wis. 2008) (recognizing the potential for plan modification to increase creditor payments after the debtor received an inheritance). So the FDCPA proceeding itself can be heard, though not finally determined, in bankruptcy court.

The pending motion to dismiss, however, does not itself call for final adjudication. Denial of the motion would leave the proceeding still to be resolved, and even an order granting dismissal "normally does not eliminate the plaintiff's right to amend once as a matter of right." *Crestview Vill. Apartments v. United States Dept. of Hous. and Urban Dev.*, 383 F.3d 552, 557 (7th Cir. 2004). The motion to dismiss is therefore within the authority of a bankruptcy judge to decide. Only if the debtor fails to amend the dismissed complaint would a final judgment be recommended for entry by the district court under § 157(c)(1).

## Factual Background

The allegations of the complaint are uncomplicated. The debtor, Booker LaGrone, alleges that he incurred a consumer debt using "a Sears retail credit card in the early to mid-2000's," Complaint (Adversary Docket No. 1) ¶ 9; that the defendant, LVNV Funding, acquired the rights to that debt; and that, through its agent, defendant Resurgent Capital, LVNV Funding filed a proof of claim for the debt in the debtor's bankruptcy case on September 19, 2013, *id.* at ¶¶ 12–14.

The complaint goes on to allege that the last transaction made on the Sears account was March 6, 2007 and the account was charged off on October 9, 2007, *id.* at ¶ 15, so that when the proof of claim was filed—more than five

3

years after the debtor defaulted on the debt—any action on the debt would have been outside the relevant Illinois statute of limitations, *id.* at ¶¶ 20, 22, 25.[1]

The complaint concludes with the assertion that, by filing the proof of claim after the applicable statute of limitations had expired, the defendants violated the FDCPA in several respects—misrepresenting the legal status of the debt, threatening to take action that cannot legally be taken to collect the debt, and using deceptive means to collect the debt. *Id.* ¶ 25.

## Legal Analysis

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure applies Rule 12(b)(6) of the Federal Rules of Civil Procedure to proceedings in bankruptcy. It requires a complaint to present facts that plausibly suggest the plaintiff's right to the relief requested. *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The defendants argue that the debtor's FDCPA complaint should be dismissed because the facts it alleges—that the defendants filed a claim in a bankruptcy subject to a statute of limitations defense—do not support a claim for relief under the FDCPA. Although there are conflicting decisions on this issue, the defendants' position is the better one.

The first section of the FDCPA sets out a finding that "abusive, deceptive, and unfair debt collection practices" are employed by debt collectors against consumers, 15 U.S.C. § 1692, and the Act goes on to prohibit a number of specific practices. Section 1262k provides for an award of damages against any debt collector who fails to comply with the Act's provisions. Three of these provisions are cited in the complaint: § 1692e(2)(A) (prohibiting the "false representation of . . . the character, amount, or legal

---

[1] The complaint's allegation of the applicable statute of limitations is at least arguably correct. *See* 735 ILCS 5/13-205; *Portfolio Acquisitions v. Feltman*, 391 Ill. App. 3d 642, 652 (Ill. App. Ct. 2009) (finding that a five-year statute of limitations applies to credit card debt). There is contrary authority—s*ee* 735 ILCS 5/13-206; *Harris Trust & Sav. Bank v. McCray*, 316 N.E.2d 209 (Ill. App. Ct. 1974) (applying a ten year statute of limitations)— but the defendants have not disputed the alleged limitation period.

4

status of any debt"), § 1692e(5) (prohibiting a "threat to take any action that cannot legally be taken"), and § 1692e(10) (prohibiting the "use of . . . deceptive means to collect or attempt to collect a debt"). Section 1692f of the Act, which generally prohibits "unfair or unconscionable" debt collection activities, would be an additional ground for relief.

It might seem difficult for these provisions to be violated by attempting to collect a debt subject to a limitations defense. If a federal lawsuit were filed to collect the debt, Federal Rule of Civil Procedure 8(c) would make the statute of limitations an affirmative defense, which the defendant would have to raise in a responsive pleading or risk waiving. *See United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004) ("[C]omplaints need not anticipate and attempt to plead around defenses."); *Metropolitan Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1287 (7th Cir.1977) ("A claim that the statute of limitations bars a lawsuit is an affirmative defense, and it must be pleaded or it will be considered waived.") (footnote omitted).

For debt collectors, however, the FDCPA changes this situation. The Seventh Circuit Court of Appeals, along with several other courts, has held that a debt collector violates the FDCPA by attempting to collect a consumer debt in a lawsuit filed against the consumer after the statute of limitations has expired. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013); *see also Castro v. Collecto, Inc.*, 634 F.3d 779 (5th Cir. 2011).

The question raised by the motion to dismiss is whether these decisions, applying the FDCPA to lawsuits against consumers, indicate that the FDCPA also applies to proofs of claim filed in consumer bankruptcy cases. The defendants suggest three reasons why proofs of claims should be treated differently: (1) the FDCPA does not apply in bankruptcy cases; (2) a proof of claim is not an attempt to collect a consumer debt; and (3) filing a proof of claim subject to a limitations defense does not generate the unfairness or deception found in a lawsuit against a consumer. Neither of the first two reasons is persuasive, but the third one is.[2]

---

[2] This conclusion is consistent with the recent decision *Brimmage v. Quantum3 Group LLC (In re Brimmage)*, 2015 WL 150244 (Bankr. N.D. Ill. Jan. 9, 2015), as to the first two points. Responding only to issues raised by the defendants in that case, *Brimmage* did not address whether filing a proof of claim subject to a limitations defense is a violation of the FDCPA.

5

1. *The Bankruptcy Code does not preclude FDCPA actions.*

When two federal statutes have inconsistent provisions, a court may find that one of the statutes precludes application of the other. *See, e.g.*, *Simon v. FIA Card Ser., N.A.,* 732 F.3d 259, 280 (3d Cir. 2013). Several decisions have held that the Bankruptcy Code precludes actions under the FDCPA based on collection activity within a bankruptcy case. The leading decision is *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 237 (B.A.P. 9th Cir. 2008) ("[T]he debt validation provisions required by FDCPA clearly conflict with the claims processing procedures contemplated by the [Bankruptcy] Code and Rules"). Similarly, the FDCPA has been held not to apply to a bankruptcy proof of claim allegedly filed in an excessive amount, because "[t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d. Cir. 2010). The defendants' first ground for dismissal, following the reasoning of these decisions, is that the FDCPA claims set out in the complaint are precluded by the Bankruptcy Code.

The Seventh Circuit, however, has taken a narrow approach to statutory preclusion, holding that "[w]hen two federal statutes address the same subject in different ways," preclusion results only if there is "either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *accord, Simon,* 732 F.3d at 271–74 (collecting authorities). No statutory provision indicates that FDCPA claims cannot arise from the filing of a claim in bankruptcy, and *Randolph* specifically holds, 368 F.3d at 730, that "operational differences" between processing of creditor claims under the Bankruptcy Code and under the FDCPA "do not . . . add up to irreconcilable conflict." *Randolph* instead requires an examination of the grounds for, and scope of, the relief that two statutes accord for the conduct in question, and it holds that as long as the courts can enforce both statutes and the parties can comply with them, the overlap between the statutes is not fatal to either. *Id.*

In *Randolph,* the conduct complained of was pursuing collection of a discharged debt, as to which the overlap between the Code and the FDCPA was held to present no irreconcilable conflict. Here, the challenged conduct is

6

filing a claim for which the statute of limitations has expired, but the nature of the overlap is the same.  The applicable Code provision is § 502(b)(1), which applies to all creditor claims and provides the remedy of disallowance if the claim is unenforceable under nonbankruptcy law—such as an applicable statute of limitations.  The remedy, however, does not include damages or attorney fees.  The FDCPA, on the other hand, applies only to debt collectors pursuing consumer debts, and it requires some prohibited conduct, such as a misrepresentation.  With those elements satisfied, the FDCPA offers the remedies of statutory damages and an award of attorney fees.  As in *Randolph*, the statutory overlap in no way prevents courts from enforcing the provisions of both the Code and the FDCPA, nor does it present debt collectors with any difficulty in complying with both statutes.

The debtor's FDCPA action, then, is not precluded by the Bankruptcy Code.

2. *Filing a proof of claim is an action to collect a debt.*

The liability under the FDCPA asserted in the debtor's complaint can only arise from actions taken "in connection with the collection of any debt." 15 U.S.C. § 1692e.  The defendant's second ground for dismissing the complaint is that their action in filing a proof of claim was not taken in connection with debt collection.  This ground also fails.

A proof of claim, of course, is intended to result in some recovery for the creditor on the debt set out in the proof of claim, and so filing a proof of claim would be within the ordinary meaning of "debt collection."  *See Crawford v. LVNV Funding, LLC,* 758 F.3d 1254, 1262 (11th Cir. 2014) ("Filing a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an 'indirect' means of collecting a debt.").  A number of decisions, however, hold that that filing of a proof of claim is not a debt collection activity.  These decisions are collected in *Humes v. LVNV Funding, LLC (In re Humes)*, 496 B.R. 557, 581 (Bankr. E.D. Ark. 2013), which explains their rationale this way:

> If filing a proof of claim constituted a "collection" activity [under the FDCPA], then filing proofs of claim under § 502(b) would be fundamentally at odds with language in § 362(a)(6) providing that the filing of a petition "operates as a stay, applicable to all entities, of . . .

7

any act to *collect,* assess, or recover a claim against the debtor that arose before the commencement of the case under this title." *Jenkins v. Genesis Fin. Solutions (In re Jenkins),* 456 B.R. 236, 240 (Bankr.E.D.N.C.2011) (emphasis in original); *see also McMillen v. Syndicated Office Sys., Inc. (In re McMillen),* 440 B.R. 907, 912 (Bankr.N.D.Ga.2010) ("The filing of a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control. It is not an effort to collect a debt from the debtor, who enjoys the protections of the automatic stay."); *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 95 (2d Cir.2010); *B–Real, LLC v. Chaussee (In re Chaussee),* 399 B.R. 225, 244 (9th Cir. BAP 2008) [(Jury, J., concurring)].

This analysis is not persuasive. First, there is no contradiction between a proof of claim being an action to collect a debt and the automatic stay. The automatic stay does indeed prohibit debt collection activity, and filing a proof of claim is an action to collect a debt, but it is well established that the automatic stay does not prohibit actions taken in the bankruptcy case itself. *See Eger v. Eger (In re Eger)*, 507 B.R. 1, 1 (Bankr. N.D. Ga. 2014) (collecting authorities).

Second, the FDCPA does not limit collection activity to actions against the consumer debtor personally. Rather, § 1692k of the Act makes debt collectors liable to "any person" as to whom they violate its provisions, not simply to the consumer who owes the debt subject to collection. Accordingly, the Seventh Circuit has found that the son of the person who owed a debt had standing under § 1692d of the Act for his own injuries based on allegedly unfair and unconscionable debt collection practices. *Todd. v. Collecto, Inc.,* 731 F.3d 734, 739 (7th Cir. 2013); *see Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 176 (W.D.N.Y. 1988) (finding that the recipient of collection letters had standing to bring a claim under the FDCPA because "[a]ny person who comes in contact with proscribed debt collection practices may bring a claim").

So even though the bankruptcy estate is a separate entity from the debtor, a proof of claim filed in a bankruptcy case would be actionable under the FDCPA if it violated one of the Act's provisions.

8

3. *Filing a proof of claim subject to a limitations defense does not violate the FDCPA.*

The FDCPA sets out no prohibition against a debt collector pursuing collection of a debt subject to a limitation defense. Rather, it prohibits improper collection activity in the general categories cited in the complaint: false representations (§ 1692e(2)(A)), threats of illegal action (§ 1692e(5)), and deceptive means of collection (§ 1692e(10)), as well as "unfair or unconscionable" collection methods (§ 1692f). The defendants' final ground for dismissing the complaint is that the only alleged misconduct—filing a proof of claim on a debt subject to a limitation defense—does not violate any of these provisions. The defendants are correct.

Courts have interpreted these FDCPA provisions as prohibiting a debt collector from filing untimely lawsuits against consumer debtors, but these interpretations are grounded in the situation of the defendants facing such lawsuits. In *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013), the Seventh Circuit quoted *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987), to explain that consumers are in a particularly disadvantaged position when faced with untimely collection lawsuits:

> Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.

These considerations make untimely collection lawsuits both deceptive and unfair to the consumer. *See also Gammon v. GC Servs. L.P.*, 27 F.3d 1254, 1257 (7th Cir. 1994) (applying an "unsophisticated consumer" standard to determine if a collection letter violated the FDCPA).

The question raised by the defendants' motion is whether this analysis applies to debt collectors filing bankruptcy proofs of claims. The Eleventh Circuit has held that it does apply. *Crawford v. LVNV Funding, LLC*, 758

9

F.3d 1254, 1261 (11th Cir. 2014). But there are four differences between lawsuits filed against individuals and proofs of claim filed in bankruptcy cases, all indicating that the deception and unfairness of untimely lawsuits is not present in the bankruptcy claims process.

First, in collection lawsuits, the debtors themselves must assert the statute of limitations in an answer. Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5), applicable in Chapter 13 under § 1302(b)(1); *In re Andreas,* 373 B.R. 864, 876 (Bankr. N.D. Ill. 2007) ("[T]he Trustee is a fiduciary owing duties to all parties in interest in a Chapter 13 case."); *In re Mid–States Express, Inc.,* 433 B.R. 688, 697 (Bankr. N.D. Ill. 2010) ("The trustee has a duty to object to improper claims.").

Second, a debtor in bankruptcy has much less at stake in the allowance of a proof of claim than a defendant facing the prospect of an adverse judgment in a collection lawsuit. A proof of claim does not result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors. This is most obvious in a Chapter 7 case, where the debtor's nonexempt assets are the sole source of payments to creditors and where it is rare for the value of these assets to exceed the amount of the debt. Accordingly, in most Chapter 7 cases, the debtor has no standing to object to claims. *See In re Curry,* 409 B.R. 831, 838 (Bankr. N.D. Tex. 2009) (noting that Chapter 7 debtors lack standing to file claim objections because they "have no pecuniary interest in doing so"). In Chapter 13, creditors are paid through a plan the debtor proposes, but in a case like the present one, where the debtor is proposing to pay the creditors less than the full amount of their claims, the effect is similar to Chapter 7: the debtor will pay the same total amount to creditors, regardless of whether particular proofs of claim are disallowed.[3]

---

[3] Of course, where Chapter 13 cases are dismissed before discharge, the debtors would still owe whatever portion of their debts were not paid through their plans, and if payments made on a time-barred claim had been made to other creditors, the amounts remaining to be paid on the other claims would be lower. But this contingency still presents a much smaller effect on a debtor than would a civil judgment.

10

Third, in a collection lawsuit a consumer debtor would have to retain and likely pay for the services of a lawyer.  Debtors in bankruptcy, by contrast, are likely from the outset of the case to be represented by an attorney who can both advise them about the existence of a statute of limitations defense and file an objection if the trustee does not.  *See By the Numbers—Pro Se Filers in the Bankruptcy Courts*, The Third Branch News (Oct. 2011), http://www.uscourts.gov/News/TheThirdBranch/11-10-01/By_the_Numbers--Pro_Se_Filers_in_the_Bankruptcy_Courts.aspx (last visited Jan. 16, 2015) (stating that in 2011 debtors were represented by counsel in 92% of Chapter 7 cases and 90% of Chapter 13 cases); *see also Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 775 (7th Cir. 2007) ("[A] representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable.").  The debtor here has been represented by counsel throughout the case.

Finally, even if the trustee fails to file a claim objection based on the statute of limitations, even if filing a claim objection would have a significant benefit for the debtor, and even if the debtor did not have legal assistance, it would be easier—and less embarrassing—for the individual debtor to file a claim objection pro se than to deal with an untimely collection lawsuit.  Under Bankruptcy Rule 3001(c)(3), a claim for credit card debt—such as the one at the center of this adversary proceeding—must list the creditor who held the debt at the time of the account holder's last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss.  As explained in the Advisory Committee Notes to the 2012 Amendments, these required disclosures were designed to "provide a basis for assessing the timeliness of the claim."  So unlike the consumer who has only the information required in a state court complaint, a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired.  And unlike the situation in a collection action, where a consumer debtor would need to become acquainted with the applicable procedures and make a potentially embarrassing appearance, the debtor in a bankruptcy case would be involved in the case before the untimely proof of claim was filed and would already be familiar with the procedures for filing documents with the court.

In short, a debtor in bankruptcy is not in the position of a consumer facing a collection lawsuit.  Since the concerns expressed in *Phillips v. Asset*

*Acceptance* are not raised by untimely proofs of claims, there is no reason to interpret the FDCPA as having the same effect on bankruptcy claims that it has on civil actions. By alleging only that the defendants filed an untimely proof of claim, the complaint fails to state an adequate claim for relief.

## Conclusion

For the reasons set out above, the complaint will be dismissed by separate order, with the plaintiff granted 21 days from entry of the dismissal order to file an amended complaint.

Dated: January 21, 2015

_____
Eugene R. Wedoff
United States Bankruptcy Judge