UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13 B 21423 |
| BOOKER LAGRONE, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | Adv. No. 14 A 00578 |
| BOOKER LAGRONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LVNV FUNDING LLC AND ) | |
| RESURGENT CAPITAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

**Memorandum of Decision**

  This matter is before the court on the defendant's motion to dismiss the Amended Complaint. Like the original complaint, the Amended Complaint alleges that the filing of a stale proof of claim in a bankruptcy case was a violation of the Fair Debt Collection Practices Act (FDCPA). However, the Amended Complaint continues to state no plausible ground for recovery, so dismissal of the adversary proceeding will be recommended.

**Procedural History**

  The plaintiff filed the original complaint in this case on August 25, 2014. On defendant's motion, this complaint was dismissed on January 21, 2015. The dismissal was accompanied by an opinion, *LaGrone v. LVNV Funding, LLC (In re LaGrone)*, 525 B.R. 419 (Bankr. N.D. Ill. 2015), holding that simply filing a stale proof of claim in a bankruptcy does not violate the FDCPA. The court dismissed the original complaint and provided 21 days for

the plaintiff to amend his complaint.  After the Amended Complaint was filed, the defendant submitted the pending motion to dismiss.

## Jurisdiction

As discussed in this court's earlier opinion, 525 B.R. at 421, an action for FDCPA violations neither "arises under" nor "arises in" a bankruptcy case. *See* 15 U.S.C. § 1692 (showing that FDCPA claims arise under Title 15); *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (finding that "arising in" jurisdiction is for proceedings that could only occur in a bankruptcy case). Therefore, a bankruptcy judge lacks statutory authority under 28 U.S.C. § 157(b) to enter a final judgment in this proceeding.

However, because a recovery by the plaintiff in this case would augment the Chapter 13 estate, this adversary proceeding does "relate to" the bankruptcy case, and a bankruptcy judge may hear the case and make a recommendation to the district court for entry of judgment under 28 U.S.C. § 157(c)(1).

## Allegations of the Amended Complaint

The Amended Complaint simply augments, in a few instances, the allegations of the original complaint.  As before, the debtor, Booker LaGrone, alleges that he incurred a consumer debt using "a Sears retail credit card in the early to mid-2000's," Amend. Complaint (Adversary Docket No. 27) ¶ 9; that the defendant, LVNV Funding, acquired the rights to that debt; and that, through its agent, defendant Resurgent Capital, LVNV Funding filed a proof of claim for the debt in the debtor's bankruptcy case on September 19, 2013, *id.* at ¶¶ 12–14.

The Amended Complaint again alleges that the last transaction made on the Sears account was March 6, 2007 and that the account was charged off on October 9, 2007, *id.* at ¶ 16, so that when the proof of claim was filed—more than five years after the debtor defaulted on the debt—any action on the debt would have been outside the relevant Illinois statute of limitations, *id.* at ¶¶ 17, 27, 28.

Finally, as before, the Amended Complaint alleges that by filing a proof of claim for a stale debt, the defendants have misrepresented the legal

2

status of the debt, threatened to take action that cannot legally be taken to collect the debt, and used deceptive means to collect the debt, all in violation of the FDCPA by.  *Id.* ¶ 33.

The Amended Complaint's new allegations are in three categories.

First, it alleges that defendant LVNV knowingly purchases stale debts and that, in this case, LVNV knew or should have know that the Sears credit card debt owed by Mr. LaGrone was outside the Illinois statute of limitations when LVNV purchased the debt and filed its proof of claim.  Amend. Compl. ¶¶ 12, 13, 17.

Second, it alleges that Chapter 13 trustees generally, and the trustee in this case in particular, "do not typically object" to proofs of general unsecured claims.  *Id.* ¶¶ 24–25.  Similarly, the Amended Complaint alleges that debtors' attorneys do not typically object to proofs of such claims.  *Id.* ¶ 26.

Finally, the Amended Complaint makes several observations about the FDCPA.  Specifically, it states that violations of the FDCPA are evaluated using an objective standard, *id.* ¶ 36, and that allowance of improper claims can cause pecuniary harm for Chapter 13 debtors and holders of valid claims, *id.* ¶¶ 37, 38.

## Sufficiency of the Allegations

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure applies Rule 12(b)(6) of the Federal Rules of Civil Procedure to proceedings in bankruptcy.  It requires a complaint to present facts that plausibly suggest the plaintiff's right to the relief requested.  *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The opinion deciding the original motion to dismiss concluded that there is no deception or unfairness under the FDCPA in the filing of a proof of claim that is subject to a statute of limitations defense.  Although the Seventh Circuit has found that filing a state court complaint to collect a time-barred debt is a violation of the FDCPA, *see Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013), the claims adjudication process in

3

bankruptcy eliminates the concerns expressed in *Phillips*. The basic difference pointed out in the prior opinion is that *Phillips* dealt with a collection action—a state court lawsuit— brought against the debtor personally, while a proof of claim in bankruptcy is brought against the bankruptcy estate. That estate is protected by the oversight of the Chapter 13 trustee and the interest of other creditors. Moreover, since the proof of claim is against the estate, the debtor's financial interest is likely minimal and protected in any event by the presence of bankruptcy counsel and required disclosure of the information relevant to the statute of limitations.

The three additional allegations included in the Amended Complaint do not affect this reasoning.

First, whether LVNV knowingly purchases debts outside of the statute of limitations and knowingly files proofs of claims that are subject to limitations defenses is not relevant. There is nothing wrong with attempting to collect a time-barred debt. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("We do not hold that it is automatically improper for a debt collector to seek re-payment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished."). Rather, under the FDCPA, the question is whether the defendant took deceptive or unfair action in collecting the debt. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004) (noting that the FDCPA does not consider intent; "[d]ebt collectors may not make false claims, period."). A defendant's awareness that a claim is time-barred has no effect on its liability; the question is whether filing the claim is deceptive or unfair, and the mental state allegations do not change the plausibility of the plaintiff's claim for relief.

The allegation that Chapter 13 trustees and debtors' attorneys typically fail to object to improper claims also does not make the plaintiff's claim plausible. As the prior opinion pointed out, there will likely be very little economic effect on the debtor if a stale claim is allowed in the debtor's bankruptcy. In most Chapter 13 cases, as in this one, the debtor is proposing to pay all general unsecured claims less than in full from a limited contribution. Payment of an additional unsecured claim, like LVNV's, simply reduces the amount paid to other unsecured creditors; it does not cause the debtor to pay more into the plan.

4

These considerations might lead a reasonable attorney to advise the debtor to forego the cost of objecting to stale proofs of claims; there simply may not be enough benefit to the debtor to justify any additional expense. Similarly, a trustee could make a reasonable judgment that certain claims, though subject to a potential defense, are not worth the expense of an objection. The key is that these experienced professionals—as opposed to an unsophisticated consumer—are in a position to provide knowledgeable advice to the debtor or to make knowledgeable decisions on behalf of the estate.

Even in situations where the bankruptcy professionals should have objected to proofs of claims, the proper remedy is not imposing FDCPA penalties on the creditor. Instead, if a claim should have been objected to but was not, the remedy would be disciplinary action against the attorney or complaints to the office of the United States Trustee who appoints and supervises Chapter 13 trustees.

Finally, the fact that debtors and creditors could face pecuniary harm if improper claims are allowed also does not change the court's opinion on the unfairness of filing a stale proof of claim. As noted above, Mr. LaGrone's pecuniary risk is much lower than if he were facing a state court complaint; he will only suffer a financial loss if he fails to complete his plan. And the fact that other creditors could suffer financial loss due to improper claims actually enhances the protections of the claim adjudication process: their financial interest in the process should encourage them to supervise the activities of trustees and, if necessary, file their own claim objections, ensuring that, whenever it is cost-effective, improper claims will be disallowed.

5

**Conclusion**

The additional allegations of the Amended Complaint do not suggest that filing a stale proof of claim is a violation of the FDCPA. Therefore, dismissal of the adversary proceeding is recommended.

Dated: May 14, 2015

_____
Eugene R. Wedoff
United States Bankruptcy Judge